UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ZACHARY D. REINDERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:22-cv-00281-JPH-MG |
| CLARKE, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**ORDER GRANTING IN PART AND DENYING IN PART STATE DEFENDANTS'
UNOPPOSED MOTION FOR PARTIAL SUMMARY JUDGMENT**

Zachary Reinders alleges that prison officials and medical professionals at Wabash Valley Correctional Facility were deliberately indifferent to his threat of suicide, his serious medical and mental health needs, and the conditions of his confinement after he cut himself. Defendants Frank Vanihel and Thomas Wellington filed a motion for partial summary judgment. For the following reasons, their motion is **granted in part** and **denied in part** as discussed below.

**I. Legal Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility

1

determinations on summary judgment because those tasks are left to the fact-finder.  *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014).  A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573–74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits.  Fed. R. Civ. P. 56(c)(1)(A).  Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment.  Fed. R. Civ. P. 56(e).

Because Mr. Reinders declined to respond to the state defendants' motion, the facts they allege are "admitted without controversy" so long as support for them exists in the record.  S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts).

## II. Background

**A. Facts**

Mr. Reinders declined to respond to the state defendants' partial summary judgment motion and the time to do so has passed. Dkt. 64 ("I will not be filing a motion in response to the Defendants [*sic*] partial motion for summary judgment."), dkt. 63. The state defendants' factual assertions are supported by citations to evidence and therefore admitted without controversy. S.D. Ind. L.R. 56-1(f). The following facts are drawn from the defendants' statement of undisputed facts.

At all times relevant to Mr. Reinders' allegations, Frank Vanihel was Warden of Wabash Valley Correctional Facility (WVCF), and Thomas Wellington was a Manager at WVCF. Dkt. 56 at 2.

On February 2, 2022, Mr. Reinders cut his arm several times with a razor blade after telling a mental health professional and multiple custody officers that he was suicidal. Dkt. 56 at 2. A nurse treated his cuts, and a mental health professional placed him on suicide watch through February 7. *Id.* at 2–3. During his time on suicide watch, Mr. Reinders' bandages fell off. *Id.*, dkt. 55-2 at 57. The cell where he was confined was covered in mace and other inmates' excrement. Dkt. 56 at 3. He lacked soap or supplies to clean himself or the cell, and officers refused his requests for them. *Id.*

Mr. Reinders submitted a grievance on February 14, 2022, regarding staff members' alleged deliberate indifference to his suicidal condition. *Id.* at 3–4. Mr. Wellington's duties included supervising WVCF's grievance

specialists. *Id.* at 4.  Grievance Specialist Shelby Crichfield had recently begun work and had to access the grievance system using Mr. Wellington's account. *Id.* at 4–5.  She denied Mr. Reinders' grievance, but Mr. Wellington's name appeared on the denial because she used his account.  *Id.*  Mr. Wellington had no other knowledge of or involvement in the events underlying Mr. Reinders' claims.  *Id.* at 5.

Mr. Reinders sent Warden Vanihel a letter on March 8, 2022, complaining about the staff's response to his threats of suicide, his placement on and conditions in suicide watch, and the staff's treatment of his grievance. *Id.* at 5.  Warden Vanihel responded to the letter and directed staff members to investigate Mr. Reinders' allegations.  *Id.* at 6–7.  Warden Vanihel had no other knowledge of or involvement in the events underlying Mr. Reinders' claims.  *Id.* at 7–8.

### B. Claims

Mr.  Reinders brings Eighth Amendment claims against Warden Vanihel and Mr. Wellington based on allegations that they "received and disregarded grievances detailing Mr. Reinders' serious mental health needs and the inadequacy of his care, and this has perpetuated his condition and the staff's deliberate indifference." Dkt. 11 at 4.  He also brings an Eighth Amendment claim for injunctive relief against Warden Vanihel in his official capacity.  *Id.*

### III. Analysis

**A. Defendant Wellington**

Defendant Wellington argues that he is entitled to summary judgment because he was not personally involved with Mr. Reinders' grievance.

"[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.* For a public official to be individually liable for a subordinate's constitutional violation, the official must both "(1) know about the conduct and (2) facilitate, approve, condone, or turn a blind eye toward it." *Gonzalez v. McHenry County, Ill.*, 40 F.4th 824, 828 (7th Cir. 2022) (internal quotations omitted).

Here, it's undisputed that Mr. Wellington did not have contemporaneous knowledge of or involvement with Mr. Reinders' threats of self-harm, his confinement on suicide watch, or his cell conditions while on suicide watch. Mr. Wellington's only connection to the events that are the subject of Mr. Reinders' allegations was his role as a supervisor of the grievance specialist who received and responded to Mr. Reinders' grievance on February 14, a week after Mr. Reinders was released from suicide watch. There is no designated evidence from which a jury could find that Mr. Wellington was responsible for Mr. Reinders' care while he was suicidal, the conditions of his cell, or the handling of Mr. Reinders' grievance.

## B. Defendant Vanihel

Defendant Vanihel argues that he is entitled to summary judgment because there is no designated evidence that he was deliberately indifferent to Mr. Reinders' mental health or the conditions in his cell.

To prevail on a deliberate indifference claim, a prisoner must show first, that he was exposed to harm that was "objectively, sufficiently serious," and second, the prison official must have known of and disregarded an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 837-38 (1994). A prison official is deliberately indifferent if the official "knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (cleaned up).

Here, it's undisputed that Defendant Vanihel did not have contemporaneous knowledge of or involvement with Mr. Reinders' threats of self-harm, his confinement on suicide watch, or his cell conditions while on suicide watch. His involvement with the facts underlying Mr. Reinders' claims was limited to receiving and responding to a letter sent March 8, more than a month after Mr. Reinders was released from suicide watch.

No designated evidence supports an inference that Mr. Reinders suffered additional harm after Defendant Vanihel learned of Mr. Reinders' grievance or that Defendant Vanihel's response caused any harm.

The state defendants also seek summary judgment on the injunctive relief claim against Warden Vanihel in his official capacity. They argue that

6

because Mr. Reinders "cannot establish personal liability on behalf of Defendant Wellington or deliberate indifference by Defendant Vanihel," he cannot prevail on the merits of his claims as necessary to obtain injunctive relief. Dkt. 56 at 15.

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent'"—in this case, the IDOC. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978)). Although the undisputed record shows no constitutional violation by Warden Vanihel or Mr. Wellington personally, claims remain against the other state defendants, who have not moved for summary judgment. Defendants' arguments for summary judgment as to the official capacity claims for injunctive relief do not address Mr. Reinders' claims against these other defendants. The state defendants have failed to carry their burden of demonstrating that a claim for injunctive relief against Warden Vanihel in his official capacity fails as a matter of law.

## IV. Conclusion

The state defendants' partial motion for summary judgment, dkt. [54], is **GRANTED** as to claims against Thomas Wellington and as to the individual-capacity claims against Warden Frank Vanihel. It is **DENIED** as to the official capacity claims against Warden Vanihel. The **clerk is directed** to **terminate** Mr. Wellington from the docket. No partial final judgment will issue. In a

7

separate order, the Court grants in part the Centurion defendants' motion for summary judgment.

With all summary judgment motions resolved, the following claims will be resolved by settlement or trial:

1) Eighth Amendment claims against Sarah Clarke, Officer Whippo, Officer Scott, Sergeant Ashba, and Sergeant Yarborough.

2) Eighth Amendment claim for injunctive relief only against Warden Vanihel in his official capacity.

The Court intends to recruit counsel to represent Mr. Reinders through final judgment.  The **clerk is directed** to include a form motion for assistance with recruiting counsel with this order.  Mr. Reinders will have **through October 8, 2024**, to complete and return the form or notify the Court that he wishes to proceed without counsel.  The Court requests that Magistrate Judge Garcia hold a telephonic status conference after counsel is recruited to determine readiness and timelines for a settlement conference and trial.

**SO ORDERED.**

Date: 9/13/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ZACHARY D. REINDERS
179119
O-4 116A
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road

P.O. Box E
NEW CASTLE, IN 47362


All electronically registered counsel

Electronic distribution to Mario Garcia, U.S. Magistrate Judge